In the Matter of KEVIN WILLIAMS, Respondent, v LORETTA BENTLEY, Appellant. [809 NYS2d 205]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lehman, J.), dated October 25, 2004, which, after a hearing, awarded custody of the children to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing before a different judge and a new determination thereafter; and it is further,

Ordered that pending the new hearing and determination, the children shall remain in the custody of the father.

The Family Court improperly conducted a custody hearing in the absence of the mother's counsel and awarded custody to the father, stating that it intended to avoid delaying the hearing and disposition of the custody matter. The mother repeatedly told the Family Court that she would not proceed in the absence of her lawyer and that she would wait for her lawyer.

Requiring the mother to try the custody matter without benefit of counsel impermissibly placed the court's interest in preventing delay above the interest of the parents and the children, and violated the mother's right to be represented by counsel (*see Matter of Moloney v Moloney*, 19 AD3d 496 [2005]; *Matter of Radjpaul v Patton*, 145 AD2d 494 [1988]; *Matter of Patricia L. v Steven L.*, 119 AD2d 221 [1986]; *see also* Family Ct Act § 262 [a]; *Matter of Ella B.*, 30 NY2d 352, 356-357 [1972]).

The deprivation of a party's fundamental right to counsel in a custody or visitation proceeding is a denial of due process and requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Moloney v Moloney, supra*; *Matter of Wilson v Bennett*, 282 AD2d 933, 934 [2001]; *Matter of Dominique L.B.*, 231 AD2d 948 [1996]; *Matter of Patricia L. v Steven L., supra*; *Matter of Orneika J.*, 112 AD2d 78, 80 [1985]). Accordingly, the order must be reversed. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.