■ In the Matter of TONIANN OTTO, Respondent, v JEFFREY L. OTTO, Appellant. [810 NYS2d 214]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Suffolk County (MacKenzie, J.), dated April 7, 2005, which, after a hearing and upon a finding that he committed acts which constituted, inter alia, the offenses of harassment and menacing, directed him to stay away from the petitioner and her home until April 7, 2006.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination before a different judge in accordance herewith; and it is further,

Ordered that the temporary order of protection dated April 1, 2005 is reinstated pending the new determination.

In this family offense proceeding, the father was charged with committing acts which constituted, inter alia, the offenses of harassment and menacing resulting from an incident with his daughter on March 31, 2005. The petition for an order of protection was filed on April 1, 2005 and a temporary order of protection was issued. At a hearing on April 7, 2005 the appellant appeared without counsel. After a colloquy regarding whether the appellant wished to hire an attorney and whether he wanted an adjournment to retain counsel, the hearing proceeded with the appellant representing himself. The appellant contends that he was not properly notified of his right to counsel and therefore his consent to go forward at the hearing was not given knowingly, intelligently, and voluntarily. We agree.

Family Court Act § 262 (a) (ii) provides that a party in a proceeding pursuant to Family Court Act article 8 has the right to the assistance of counsel and shall be advised of his or her right to "be represented by counsel of his or her own choosing, of [his] right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same." To establish a waiver of a right to counsel, the record must demonstrate that the party had a "sufficient awareness of the relevant circumstances and probable consequences" (*Matter of Lawrence S.*, 29 NY2d 206, 208, citing *Von Moltke v Gillies*, 332 US 708, 724 [1948]; *see Matter of Brainard v Brainard*, 88 AD2d 996 [1982]). Here, although the Family Court informed the appellant of his right to counsel and his right to an adjournment

to obtain counsel, the Family Court did not inform him of his right to assigned counsel if he was indigent, and no inquiry was made into his financial capability to retain counsel (*see* Family Ct Act § 262 [a] [ii]). Moreover, the record establishes that the appellant was unaware a hearing was taking place, indicated his desire to retain counsel and to adjourn the matter, noted his confusion during the proceedings on numerous occasions, and could not understand the nature of cross-examination or the admission of evidence. Under these circumstances, it cannot be said that the appellant had a "sufficient awareness of the relevant circumstances and probable consequences" of his waiver (*Matter of Lawrence S., supra* at 208; *see Matter of Anderson v Hailey*, 13 AD3d 911 [2004]; *Matter of Alexander v Maharaj*, 299 AD2d 354 [2002]). Accordingly, we reverse the order of protection, and remit the matter to the Family Court, Suffolk County, for a new hearing before a different judge where the appellant either appears with counsel or adequately waives his rights. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.