■ In the Matter of GRECIA JETTER, Respondent, v BARRY JETTER, Appellant. [844 NYS2d 322]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Kings County (Silber, J.), dated February 9, 2006, which, after a hearing, directed him to refrain from, inter alia, committing any criminal offense against the wife until February 8, 2008.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination in accordance herewith; and it is further,

Ordered that the temporary order of protection dated November 30, 2005 is reinstated pending the new determination.

A party in a Family Court Act article 8 proceeding has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of Otto v Otto*, 26 AD3d 498, 499 [2006]). That party, however, can waive the right to counsel and opt for self-representation (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]; *People v Anderson*, 125 AD2d 580, 581 [1986]). Prior to permitting a party to proceed pro se, the court must determine that the decision to do so is made knowingly, intelligently, and voluntarily (*see People v Arroyo, supra*). To ascertain whether a party's waiver of counsel meets these requirements, the court must conduct a "searching inquiry" of that party (*People v Slaughter*, 78 NY2d 485, 491 [1991]). Although there is no "rigid formula" as to the questions the court needs to ask for counsel waivers, there must be a showing that the party "was aware of the dangers and disadvantages of proceeding without counsel" (*People v Providence*, 2 NY3d 579, 582-583 [2004] [internal quotation marks omitted]).

Here, the Family Court failed to advise the husband of the risks of self-representation. As such, there was no knowing, intelligent, and voluntary waiver of counsel (*see People v Arroyo, supra*; *People v Smith, supra*; *Matter of Hassig v Hassig*, 34 AD3d 1089 [2006]; *Matter of Rachel P.*, 286 AD2d 868 [2001]). Accordingly, we reverse the order of protection and remit the matter to the Family Court, Kings County, for a new hearing and determination.

The husband's remaining contention is without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.