In the Matter of SUSANNE GUZZO, Respondent, v BARNEY GUZZO, Appellant. [855 NYS2d 197]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an amended order of protection of the Family Court, Suffolk County (Hoffmann, J.), dated July 27, 2007, issued after a hearing.

Ordered that the amended order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith; and it is further,

Ordered that the temporary order of protection dated July 23, 2007, is reinstated pending the new determination.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of Jetter v Jetter,* 43 AD3d 821, 822 [2007]). That right may be waived, however, and a party wishing to do so may proceed without counsel (*see People v Arroyo,* 98 NY2d 101, 103 [2002]; *Matter of Jetter v Jetter,* 43 AD3d at 822). Before allowing a party to proceed pro se, the court must decide whether the waiver is made knowingly, voluntarily, and intelligently (*see People v Arroyo,* 98 NY2d at 103; *People v Slaughter,* 78 NY2d 485, 491 [1991]; *Matter of Jetter v Jetter,* 43 AD3d at 822). In order to make that evaluation, the court must conduct a "searching inquiry" of the party who wishes to proceed pro se (*People v Slaughter,* 78 NY2d 485, 491 [1991]; *Matter of Jetter v Jetter,* 43 AD3d at 822). While there is no "rigid formula" to be followed in such an inquiry, and the approach is a flexible one (*see People v Providence,* 2 NY3d 579, 583 [2004]), the record must demonstrate that the party "was aware of the dangers and disadvantages of proceeding without counsel" (*People v Providence,* 2 NY3d at 582 [internal quotation marks omitted]; *Matter of Jetter v Jetter,* 43 AD3d at 822).

In this case, the appellant appeared without counsel in the Family Court in response to the instant petition. At that time, he was represented by counsel in the parties' pending matrimonial proceeding. When he stated that he could not afford counsel in the instant proceeding, the Family Court allowed him to proceed to the hearing on the petition, pro se, without conducting any inquiry whatsoever. The appellant's financial condition was not explored, and he was not advised of his right to have counsel assigned. He was not advised of the risks of self-representation. Thus, there was no knowing, voluntary, and intelligent waiver of the right to counsel (*see Matter of Jetter v Jetter,* 43 AD3d at 822). Accordingly, the amended order of protection must be reversed and the matter remitted to the Family Court, Suffolk County, for a new hearing and determination. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.