In the Matter of NADINE McGREGOR, Respondent, v SYLVANUS A. BACCHUS, Appellant. [863 NYS2d 260]—

In a family offense proceeding pursuant to Family Court Act article 8, Sylvanus A. Bacchus appeals from an order of protection of the Family Court, Kings County (O'Shea, J.), dated May 15, 2007, which, after a hearing, directed him, inter alia, to stay away from the petitioner until May 14, 2009.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination, with all convenient speed, in accordance herewith. Pending the new determination, the order of protection shall remain in effect as a temporary order of protection.

When the appellant appeared in the Family Court in response to a family offense petition, his assigned counsel questioned whether, in light of his financial circumstances, he was entitled to assigned counsel. After an inquiry, the Family Court determined that the appellant was not, in fact, entitled to assigned counsel because he owned his own business. The appellant stated that he would represent himself because he could not afford to pay an attorney. Without making any inquiry as to the appellant's appreciation of what it meant to proceed pro se, the Family Court relieved assigned counsel and permitted the appellant to represent himself.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (see Family Ct Act § 262 [a] [ii]; Matter of Guzzo v Guzzo, 50 AD3d 687 [2008]; Matter of Jetter v Jetter, 43 AD3d 821, 822 [2007]), but may

waive that right, provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Guzzo v Guzzo,* 50 AD3d 687 [2008]; *Matter of Jetter v Jetter,* 43 AD3d at 822; *cf. People v Arroyo,* 98 NY2d 101, 103 [2002]; *People v Slaughter,* 78 NY2d 485, 491 [1991]). In order to determine whether a party is validly waiving the right to counsel, the court must conduct a "searching inquiry" of the party who wishes to waive that right and thus proceed pro se (*People v Slaughter,* 78 NY2d at 491; *see People v Sawyer,* 57 NY2d 12, 21 [1982]; *Matter of Guzzo v Guzzo,* 50 AD3d 687 [2008]; *Matter of Jetter v Jetter,* 43 AD3d at 822). While there is no "rigid formula" to be followed in such an inquiry, and the approach is flexible (*People v Providence,* 2 NY3d 579, 583 [2004]), the record must demonstrate that the party "was aware of the dangers and disadvantages of proceeding without counsel" (*People v Providence,* 2 NY3d at 583, quoting *People v Slaughter,* 78 NY2d 485, 492 [1991]; *see Matter of Guzzo v Guzzo,* 50 AD3d 687 [2008]; *Matter of Kristin R.H. v Robert E.H.,* 48 AD3d 1278 [2008]; *Matter of Jetter v Jetter,* 43 AD3d at 822). Here, the record is inadequate to demonstrate that the appellant validly waived his right to counsel. After determining that the appellant was not entitled to assigned counsel, the court granted counsel's request to be relieved and permitted the appellant to proceed pro se, without any inquiry at all into whether the appellant appreciated the value of the right he was waiving and the "dangers and disadvantages" of representing himself (*People v Providence,* 2 NY3d at 583; *see Matter of Guzzo v Guzzo,* 50 AD3d 687 [2008]; *Matter of Otto v Otto,* 26 AD3d 498, 499 [2006]). Consequently, the order of protection must be reversed, and the matter remitted to the Family Court for a new hearing and determination after a proper inquiry into whether the appellant understands the consequences of representing himself.

The appellant's remaining contention is without merit. Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur.