■ In the Matter of PATRICIA A. KNIGHT, Respondent, v KENNETH M. KNIGHT, Appellant. [873 NYS2d 324]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Rockland County (Warren, J.), dated December 5, 2007, which, after a hearing, found that, on three separate dates, he had violated the terms of an order of protection, dated September 18, 2007, and committed him to the custody of the Rockland County Jail for three consecutive terms of six months incarceration.

Ordered that the order dated December 5, 2007 is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a new hearing and determination of the petition.

A party in a Family Court Act article 8 proceeding has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of McGregor v Bacchus*, 54 AD3d 678 [2008]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). That party, however, may waive the right to counsel, provided that the waiver is knowing, voluntary, and intelligent (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]; *Matter of McGregor v Bacchus*, 54 AD3d 678, 678-679 [2008]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). To ensure a valid waiver, the court must conduct a "searching inquiry" of that party (*People v Slaughter*, 78 NY2d 485, 491 [1991]; *see People v Arroyo*, 98 NY2d 101, 103 [2002]). While there is no rigid formula to be followed in such an inquiry, and the approach is a flexible one (*see People v Providence*, 2 NY3d 579, 583 [2004]), the record must demonstrate that the party " 'was aware of the dangers and disadvantages of proceeding without counsel' " (*People v Providence*, 2 NY3d 579, 582 [2004], quoting *People v Slaughter*, 78 NY2d 485, 492 [1991]; *see Matter of Guzzo v Guzzo*, 50 AD3d 687, 688 [2008]).

Here, the Family Court failed to conduct a "searching inquiry" of the husband and failed to advise him of the risks of self-representation. Thus, there was no knowing, voluntary, and intelligent waiver of the right to counsel (*see Matter of Guzzo v Guzzo*, 50 AD3d 687, 688 [2008]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). Accordingly, the order must be reversed, and the matter remitted to the Family Court, Rockland County, for a new hearing and determination of the petition.

In light of our determination, we do not consider the husband's remaining contention. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.