■ In the Matter of LEONIE J. SPENCER, Appellant, v RONALD A. SPENCER, Respondent. [908 NYS2d 597]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Sheares, J.), dated September 28, 2009, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

Family Court Act § 262 (a) (ii) confers the right to the assistance of counsel upon parties in proceedings brought pursuant to Family Court Act article 8 (*see Matter of Knight v Knight*, 59 AD3d 445, 446 [2009]). A party, however, may waive the right to counsel, provided that the waiver is knowing, voluntary, and intelligent (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]). To determine whether a party is validly waiving the right to counsel, the court must conduct a "searching inquiry" of the party who wishes to waive that right and thus proceed pro se (*People v*

*Slaughter*, 78 NY2d 485, 491 [1991] [internal quotation marks omitted]; *see Matter of Jetter v Jetter*, 43 AD3d at 822).

Here, the petitioner was entitled to be represented by counsel, as she was a petitioner in a proceeding pursuant to Family Court Act article 8 (*see* Family Ct Act § 262 [a] [ii]). The record, however, is inadequate to demonstrate that the petitioner validly waived her right to counsel (*see Matter of Casey N.*, 59 AD3d 625, 628-630 [2009]; *Matter of McGregor v Bacchus*, 54 AD3d 678, 678-679 [2008]). Accordingly, the order must be reversed, the petition reinstated, and the matter remitted to the Family Court, Kings County, for a proper inquiry into whether the petitioner understands the consequences of self representation. Thereafter, as the petitioner's allegations stated a cause of action constituting a family offense pursuant to Family Court Act § 821 (1), a fact-finding hearing must be held on the matter (*see* Family Ct Act § 832). Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.