In the Matter of CHRISTINE TUMMINELLO, Appellant, v NICHOLAS TUMMINELLO, Respondent. [918 NYS2d 735]—

The petitioner was entitled to be represented by counsel, as she was a party in a Family Court Act article 8 proceeding (see Family Ct Act § 262 [a] [ii]). Although a party can waive the

right to counsel and opt for self-representation, the waiver must be knowing, intelligent, and voluntary (*see Matter of Spencer v Spencer*, 77 AD3d 761 [2010]; *Matter of Knight v Knight*, 59 AD3d 445 [2009]; *Matter of McGregor v Bacchus*, 54 AD3d 678 [2008]; *Matter of Guzzo v Guzzo*, 50 AD3d 687 [2008]; *Matter of Jetter v Jetter*, 43 AD3d 821 [2007]). Here, the record is inadequate to demonstrate that the petitioner validly waived her right to counsel. Although the Family Court advised the petitioner of her right to counsel, the Family Court did not inform her of her right to an adjournment to confer with counsel, of her right to have counsel assigned if she was financially unable to obtain representation, and of the dangers and disadvantages of proceeding without counsel. Accordingly, the order must be reversed, and the matter remitted to the Family Court, Nassau County, so that the petitioner can either appear with counsel or adequately waive her rights. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.