In the Matter of ELANA ROSOF, Respondent, v RICHARD MALLORY, Appellant. [930 NYS2d 901]—

At the commencement of a hearing to determine whether the father should have only supervised visitation with his daughter, the father's attorney asked to be relieved, and the father consented to her discharge. The father asked that new counsel be appointed, but the Family Court declined to do so, and the father represented himself.

The father, as a respondent in a proceeding pursuant to Family Court Act article 6, had the right to be represented by counsel (*see* Family Ct Act § 262; *Matter of Patricia L. v Steven L.*, 119 AD2d 221, 224 [1986]). To determine whether a party is validly waiving the right to counsel, the court must conduct a "searching inquiry" in order to be reasonably certain that the party understands the dangers and disadvantages of giving up the fundamental right to counsel (*Matter of Spencer v Spencer*, 77 AD3d 761, 761 [2010] [internal quotation marks omitted]; *see Matter of Casey N.*, 59 AD3d 625, 629 [2009]; *Matter of Knight v Knight*, 59 AD3d 445, 446 [2009]). Here, the Family Court conducted no inquiry at all to determine whether the father was waiving the right to counsel. Requiring the father to try the matter without the benefit of counsel impermissibly placed the Family Court's interest in preventing delay above the interests of the parents and the child, and violated the father's right to be represented by counsel (*see Matter of Williams v Bentley*, 26 AD3d 441, 442 [2006]; *Matter of Patricia L. v Steven L.*, 119 AD2d at 225). The deprivation of a party's fundamental

right to counsel in a custody or visitation proceeding is a denial of due process which requires reversal, regardless of the merits of the unrepresented party's position (*see Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]; *Matter of Brown v Wood*, 38 AD3d 769, 770 [2007]; *Matter of Williams v Bentley*, 26 AD3d at 442).

Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a new hearing on the mother's petition and a new determination thereafter. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.