Mercure, J.E
Pursuant to a custody order that was incorporated into the parties’ judgment of divorce, the parties share joint legal custody of their child (born in 1999), with petitioner (hereinafter the mother) having primary physical custody. The mother commenced this proceeding for modification of the prior order of custody, seeking an order allowing her to obtain a passport for the child after respondent (hereinafter the father) refused to sign an application or form consenting to the issuance of a passport for the child. Family Court granted the petition without an evidentiary hearing, and issued an order awarding the mother sole legal custody for the purpose of obtaining a passport for the child. The father appeals, and we now reverse.*
*1080 As Family Court acknowledged during the parties’ appearance before it, the father — a respondent in a custody proceeding — has the right to counsel, the right to seek an adjournment to confer with counsel, and the right to assigned counsel if qualified financially (see Family Ct Act § 262 [a] [iii]; Matter of Wilson v Bennett, 282 AD2d 933, 934 [2001]). Although the court properly advised the father of these rights, it refused to adjourn the proceeding when the father expressed his confusion and requested an attorney. “The deprivation of a party’s fundamental right to counsel is a denial of due process and requires reversal, without regard to the merits of the unrepresented party’s position” (Matter ofDeon M. [Vernon B.], 68 AD3d 1740, 1741 [2009] [internal quotation marks and citation omitted]; see Wilson v Bennett, 282 AD2d at 934). Inasmuch as Family Court granted the petition without affording the father the assistance of counsel, we now reverse and remit (see Matter of Scala v Tefft, 42 AD3d 689, 691-692 [2007]; Matter of Williams v Bentley, 26 AD3d 441, 442 [2006]).
Malone Jr., Garry and Egan Jr., JJ, concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision.

 Asserting that the mother may take the child out of the country without his knowledge, the father requests that the mother either return the passport to the federal government or relinquish it to a neutral third party; the mother *1080 seeks to retain the child’s passport for future foreign travel. Thus, although the child was issued a passport and has since used it to take a family vacation with the mother, the rights of the parties will be affected by our determination and this appeal is not moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see generally Matter of Awan v Awan, 75 AD3d 597, 598 [2010]).