Order of disposition, Family Court, Bronx County (James E. d’Auguste, J.), entered on or about December 21, 2011, which, after a fact-finding hearing, determined that respondent father had committed acts constituting the family offenses of aggravated harassment in the second degree and assault in the second degree against petitioner mother, and, after a finding of aggravated circumstances, issued a five-year order of protection against him, unanimously reversed, on the law, without costs, the orders vacated, and the matter remitted for a new hearing.
The fact-finding hearing was procedurally flawed and unfair to respondent. The court failed to conduct a “searching inquiry” to ensure that respondent knowingly, intelligently, and voluntarily waived his statutory right to counsel (see Family Ct Act § 262 [a] [ii]; People v Arroyo, 98 NY2d 101, 103 [2002]; People v Slaughter, 78 NY2d 485, 491 [1991]). Further, the court *536 concluded, without reviewing any financial documentation, that respondent was ineligible for assigned counsel. The court asked him only if he wished to have the matter adjourned so that he could retain counsel at his own expense. When respondent answered in the negative, the court proceeded to ask him questions relevant to the then-pending competing petitions for custody of the parties’ children. There is no indication that respondent understood that from this point on the preliminary hearing would become the fact-finding hearing with respect to the family offense petition.
Moreover, although respondent had asked to make a statement in response to allegations made by petitioner, there is no indication that he understood that upon doing so, the court would then transform his statements into his testimony for purposes of the fact-finding hearing on the family offense petition. The court had cautioned respondent that what he said could be used against him in the pending criminal case, but assured him that the court would not hold what he said against him in this proceeding. However, the court did just that. In addition, rather than having to first present a prima facie case in support of the allegations in her petition, the petitioner was allowed to respond only to respondent’s version of events (see generally Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]). In light of the above finding, we need not reach the other issues raised by respondent. Concur — Mazzarelli, J.P, Sweeny, Moskowitz, Renwick and Freedman, JJ.