In a family offense proceeding pursuant to Family Court Act article 8, John Visintin appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated March 18, 2013, which, after a hearing, and upon a finding that he committed the family offenses of attempted assault in the third degree, menacing in the second degree, and reckless endanger *988 ment in the second degree, directed him, inter alia, to stay away from the petitioner until and including March 12, 2015.
Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination with all convenient speed, in accordance herewith. Pending the new determination, the order of protection shall remain in effect as a temporary order of protection.
A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (see Family Ct Act § 262 [a] [ii]; Matter of McGregor v Bacchus, 54 AD3d 678 [2008]), but may waive that right provided that he or she does so knowingly, intelligently, and voluntarily (see Matter of Tumminello v Tumminello, 82 AD3d 992, 993 [2011]; Matter of Spencer v Spencer, 77 AD3d 761 [2010]; Matter of McGregor v Bacchus, 54 AD3d at 678-679). In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a “searching inquiry” to ensure that the waiver is unequivocal, voluntary, and intelligent (Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373 [2008] [internal quotation marks omitted]; Matter of Rosof v Mallory, 88 AD3d 802 [2011]; Matter of Spencer v Spencer, 77 AD3d at 761-762; Matter of McGregor v Bacchus, 54 AD3d at 679; see also Matter of Melissa H. v Shameer S., 100 AD3d 535 [2012]). A waiver is valid where the record reveals that the party was aware of the dangers and disadvantages of proceeding without counsel (see Matter of Rosof v Mallory, 88 AD3d at 802; Matter of McGregor v Bacchus, 54 AD3d at 679). The deprivation of a party’s right to counsel guaranteed by Family Court Act § 262 requires reversal, without regard to the merits of the unrepresented party’s position (see Matter of Savoca v Bellofatto, 104 AD3d 695 [2013]; Matter of Belmonte v Batista, 102 AD3d 682, 683 [2013]; Matter of Collier v Norman, 69 AD3d 936, 937 [2010]).
Here, the appellant was advised of his right to counsel, in accordance with Family Court Act § 262 (a), at his first court appearance on August 27, 2012. However, on August 30, 2012, after the Family Court determined that the appellant was ineligible for the assignment of counsel, he was advised that he would have to represent himself. When the hearing commenced on March 12, 2013, the appellant requested the assistance of counsel to defend himself against the petitioner’s “strong accusations.” The Family Court ascertained the petitioner’s weekly salary, and advised him that he was ineligible for the assignment of counsel. The Family Court then proceeded with the *989 hearing without conducting an inquiry to determine whether the appellant wished to represent himself, advising the appellant of the risks of proceeding pro se, or informing him that he could request an adjournment in order to attempt to secure counsel. Further, the record indicates that the appellant clearly did not wish to proceed without counsel, did not initially realize that he was being required to represent himself, and did not have a basic understanding of court proceedings (see Matter of Otto v Otto, 26 AD3d 498, 500 [2006]). Under these circumstances, the appellant was deprived of his statutory right to counsel (see Matter of Dolson v Mitts, 99 AD3d 1079, 1080 [2012]; Matter of Broome County Dept. of Social Servs. v Basa, 56 AD3d 1092, 1093-1094 [2008]; Matter of McGregor v Bacchus, 54 AD3d at 679; Matter of Jetter v Jetter, 43 AD3d 821, 822 [2007]; Matter of Evan F., 29 AD3d 905, 907 [2006]). Accordingly, the order of protection must be reversed, and the matter remitted to the Family Court, Queens County, for a new hearing where the appellant either appears with counsel or knowingly, intelligently, and voluntarily waives his right to counsel, and a new determination on the petition thereafter (see Otto v Otto, 26 AD3d at 500).
Eng, EJ., Leventhal, Lott and Roman, JJ., concur.