# IN THE COURT OF APPEALS OF IOWA

No. 16-0006
Filed August 31, 2016

**MEAGEN ROCHELLE BARRA,**
        Plaintiff-Appellee,
**vs.**

**WESLEY CHARLES EVERETT,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Appanoose County, Lucy J.

Gamon, Judge.


        Defendant appeals from entry of a final domestic abuse protective order.

**VACATED AND REMANDED.**



        Steven E. Goodlow, Albia, for appellant.

        Meagen Rochelle Barra, Albia, appellee pro se.



        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Wesley Everett appeals from a final domestic abuse protective order issued pursuant to Iowa Code chapter 236 (2015). Our review is de novo. *See Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001).

Meagen Barra filed her petition for relief from domestic abuse pursuant to Iowa Code chapter 236. She was granted a temporary protective order prohibiting Everett from, among other things, having contact with Barra. The matter came on for hearing for the final order several days later. Both parties appeared pro se. The district court facilitated the testimony of the parties. When the court concluded its questioning of Barra, the court asked Everett if he had any questions for Barra. Everett stated he wanted to be represented: "I think I would like to be privately represented actually." The court responded, "Today was the date, time and place set for hearing. We're in the middle of the hearing. That option is no longer available to you. Do you have any questions you would like to ask her?" Everett responded in the negative. The hearing proceeded without Everett asking any questions of Barra. The record is clear that Everett did not wish to proceed without a lawyer and that he had little understanding of the proceedings. The district court granted Barra's petition and entered a final domestic abuse protective order.

Everett contends the district court erred in failing to advise him of his statutory right to continue the hearing and obtain counsel. Iowa Code section 236.4(7) provides as follows: "The court shall advise the defendant of a right to be represented by counsel of the defendant's choosing and to have a continuance to secure counsel." The temporary protective order advised Everett

of his right to have counsel. *See, e.g., Nolte v. Weiland*, No. 09-1035, 2009 WL 5125914, at \*1 (Iowa Ct. App. Dec. 30, 2009) (concluding advisory in temporary protective order provided adequate notice of the right to obtain counsel). The temporary protective order did not advise Everett of his statutory right to have a continuance to obtain counsel. The district court did not advise Everett of his statutory right to continue the hearing to obtain counsel. We conclude this was error. *Cf. id.* (concluding due process was satisfied where the hearing was rescheduled); *see, e.g.*, *Andrasko v. Andrasko,* 443 N.W.2d 228, 230 (Minn. Ct. App. 1989) (holding district court abused its discretion in denying motion to continue domestic abuse hearing to allow party to obtain counsel); *Cerquin v. Visintin*, 989 N.Y.S.2d 57, 59 (N.Y. App. Div. 2014) (vacating protective order where the court "proceeded with the hearing without conducting an inquiry to determine whether the appellant wished to represent himself, advising the appellant of the risks of proceeding pro se, or informing him that he could request an adjournment in order to attempt to secure counsel" and where "the record indicates that the appellant clearly did not wish to proceed without counsel").

We vacate the final domestic abuse protective order and remand this matter for further proceedings. The temporary protective order shall remain in effect according to the terms and conditions set forth therein.

**ORDER VACATED AND REMANDED.**