■ In the Matter of KRISTINA OSORIO, Respondent, v CARLA M. OSORIO, Appellant. (Proceeding No. 1.) In the Matter of DAWN OSORIO, Respondent, v CARLA M. OSORIO, Appellant. (Proceeding No. 2.) [38 NYS3d 241]—

Appeals by Carla M. Osorio from two orders of protection of the Family Court, Queens County (Dennis Lebwohl, J.), both dated November 6, 2015. The orders of protection, after a hearing, directed Carla M. Osorio, inter alia, to stay away from Kristina Osorio and Dawn Osorio respectively, until and including November 5, 2017.

Ordered that the orders of protection are reversed, on the law, without costs or disbursements, and the matters are remitted to the Family Court, Queens County, for a new hearing and determinations on the petitions with all convenient speed, in accordance herewith. Pending the new determinations, the orders of protection shall remain in effect as temporary orders of protection.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of McGregor v Bacchus*, 54 AD3d 678 [2008]), but may waive that right provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Tumminello v Tumminello*, 82 AD3d 992, 993 [2011]; *Matter of Spencer v Spencer*, 77 AD3d 761 [2010]; *Matter of McGregor v Bacchus*, 54 AD3d at 678-679). In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a "searching inquiry" to ensure that the waiver is knowing, voluntary, and intelligent (*Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008] [internal quotation marks omitted]; *see Matter of Rosof v Mallory*, 88 AD3d 802 [2011]; *Matter of Spencer v Spencer*, 77 AD3d at 761; *Matter of McGregor v Bacchus*, 54 AD3d at 679; *see also Matter of Melissa H. v Shameer S.*, 100 AD3d 535 [2012]). A waiver is valid where the party was aware of the dangers and disadvantages of proceeding without counsel (*see Matter of Rosof v Mallory*, 88 AD3d at 802; *Matter of McGregor v Bacchus*, 54 AD3d at 679). The deprivation of a party's right to counsel guaranteed by Family Court Act § 262 requires reversal, without regard to the merits of the unrepresented party's position (*see Matter of Savoca v Bellofatto*, 104 AD3d 695 [2013]; *Matter of Belmonte v Batista*, 102 AD3d 682, 683 [2013]; *Matter of Collier v Norman*, 69 AD3d 936, 937 [2010]).

Here, the record supports the appellant's contention that she was not advised of her right to counsel in accordance with Family Court Act § 262 (a). Further, there is no indication on the record that she waived her right to counsel. Under these circumstances, the appellant was deprived of her statutory right to counsel (*see Matter of Dolson v Mitts*, 99 AD3d 1079, 1080 [2012]; *Matter of Broome County Dept. of Social Servs. v Basa*, 56 AD3d 1092, 1093-1094 [2008]; *Matter of McGregor v Bacchus*, 54 AD3d at 679; *Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]; *Matter of Evan F.*, 29 AD3d 905, 907 [2006]).

Accordingly, the orders of protection must be reversed, and the matters remitted to the Family Court, Queens County, for a new hearing at which the appellant shall either appear with

counsel or knowingly, voluntarily, and intelligently waive her right to counsel, and new determinations on the petitions thereafter (*see Matter of Cerquin v Visintin*, 118 AD3d 987 [2014]; *Matter of Otto v Otto*, 26 AD3d 498, 500 [2006]). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.