In the Matter of MARISSA BIANCO, Respondent, v DUNCAN BRUCE-ROSS, Appellant. [56 NYS3d 243]—

Appeal by the father from an order of the Family Court, Suffolk County (Timothy P. Mazzei, J.), dated December 18, 2015. The order, insofar as appealed from, after a hearing, in effect,

granted the mother's petition, in effect, for sole legal and physical custody of the subject child and denied the father's cross petition for sole custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A party in a custody dispute has the right to be represented by counsel (*see Matter of Moiseeva v Sichkin*, 129 AD3d 974, 975 [2015]; *Matter of Belmonte v Batista*, 102 AD3d 682, 682 [2013]), but may waive that right, provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d 735, 736 [2011]). "In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a 'searching inquiry' to ensure that the waiver is knowing, voluntary, and intelligent" (*Matter of Osorio v Osorio*, 142 AD3d 1177, 1178 [2016], quoting *Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]; *see Matter of Rosof v Mallory*, 88 AD3d 802, 802 [2011]; *Matter of Spencer v Spencer*, 77 AD3d 761, 761 [2010]; *Matter of McGregor v Bacchus*, 54 AD3d 678, 679 [2008]). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (*Matter of McGregor v Bacchus*, 54 AD3d at 679 [internal quotation marks and citation omitted]; *see Matter of Pugh v Pugh*, 125 AD3d 663, 664 [2015]).

Here, the Family Court conducted a sufficiently searching inquiry to ensure that the father's clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made (*see Matter of Graham v Rawley*, 140 AD3d 765, 767 [2016]). The court advised the father of the dangers and disadvantages of giving up the fundamental right to counsel, and the father acknowledged his understanding of those perils and repeated his desire to proceed pro se (*see Matter of Ryan v Alexander*, 133 AD3d 605, 606 [2015]). Accordingly, the court did not err in allowing the father to represent himself.

Likewise, there is no merit to the father's contention that the Family Court improvidently exercised its discretion in denying his motion for recusal. Where, as here, no legal basis for disqualification under Judiciary Law § 14 is alleged, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience (*see Matter of Rodriguez v Liegey*, 132 AD3d 880, 880 [2015]; *Matter of Grucci v Villanti*, 108 AD3d 626, 627 [2013]). The father failed to set forth any demonstrable proof of the court's bias or prejudice to

warrant recusal (*see Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *Impastato v Impastato*, 62 AD3d 752, 753 [2009]).

Moreover, there is no basis to disturb the Family Court's order awarding sole legal and physical custody to the mother. The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Klein v Theus*, 143 AD3d 984, 985 [2016]; *Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]; *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *Matter of Reyes v Polanco*, 83 AD3d 849, 850 [2011]). Here, the court's determination that the child's best interests would be served by awarding sole legal and physical custody to the mother has a sound and substantial basis in the record and will not be disturbed (*see Matter of Murphy v Lewis*, 149 AD3d 748 [2017]; *Matter of Goodman v Jones*, 146 AD3d 884, 886 [2017]; *Matter of McPherson v McPherson*, 139 AD3d 953, 953 [2016]).

The father's remaining contention is without merit. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.