■ In the Matter of PHILIP GUGLIARA, Respondent, v LAWRENCE GUGLIARA, Appellant. [56 NYS3d 565]—

Appeal by Lawrence Gugliara from an order of protection of the Family Court, Kings County (Dean Kusakabe, J.), dated May 9, 2016. The order of protection, after a hearing, directed him to refrain from certain conduct with respect to the petitioner until and including May 8, 2018.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination on the petition with all convenient speed, in accordance herewith; and it is further,

Ordered that pending the new determination, the order of protection shall remain in effect as a temporary order of protection.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of Osorio v Osorio*, 142 AD3d 1177, 1178 [2016]; *Matter of McGregor v Bacchus*, 54 AD3d 678, 678-679 [2008]). A party, however, may waive that right, provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Osorio v Osorio*, 142 AD3d at 1178; *Matter of Tumminello v Tumminello*, 82 AD3d 992, 993 [2011]). To ensure that a party's waiver of the right to counsel is valid, the Family Court must conduct a "searching inquiry" (*Matter of Osorio v Osorio*, 142 AD3d at 1178 [internal quotation marks omitted]; *Matter of McGregor v Bacchus*, 54 AD3d at 679). There is no rigid formula, but the record must demonstrate that the party has chosen to proceed without counsel despite being aware of and understanding the dangers and disadvantages of doing so (*see Matter of Belmonte v Batista*, 102 AD3d 682, 683 [2013]; *Matter of Rosof v Mallory*, 88 AD3d 802, 802 [2011]; *Matter of Stephen Daniel A. [Sandra M.]*, 87 AD3d 735, 736 [2011]).

Here, when the appellant expressed his desire to proceed without counsel, the Family Court tried to explain the dangers and disadvantages of doing so. The record shows, however, that the appellant was confused by the colloquy and did not comprehend the court's explanation. The court nevertheless permitted him to proceed without counsel (*see Matter of Belmonte v Batista*, 102 AD3d at 683; *Matter of Spencer v Spencer*, 77 AD3d 761, 762 [2010]). The deprivation of a party's right to counsel guaranteed by Family Court Act § 262 requires reversal without regard to the merits of the unrepresented party's position (*see Matter of Osorio v Osorio*, 142 AD3d at

1178). Accordingly, we reverse the order of protection and remit the matter to the Family Court, Kings County, for a new hearing, at which the appellant shall either appear with counsel, or knowingly, voluntarily, and intelligently waive the right to counsel, and thereafter, a new determination on the petition. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.