Matter of Gallousis v Gallousis (2018 NY Slip Op 08129)





Matter of Gallousis v Gallousis


2018 NY Slip Op 08129


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-03653
2018-03654
 (Docket No. F-3459-16/16A)

[*1]In the Matter of Sarah Maria Gallousis, respondent,
v
Christopher Gallousis, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Patrick F. Broderick, Bayside, NY, for respondent.



DECISION & ORDER
In an enforcement proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered March 21, 2018, and (2) an order of commitment of the same court (Christine P. Krahulik, J.), also entered March 21, 2018. The order, in effect, confirmed so much of an order of the same court (Barbara O. Afriyie, S.M.), entered March 16, 2018, made after a hearing, as found that he willfully violated the support provisions of a judgment of separation and recommended that he be incarcerated for a period of six months, unless he paid a purge amount. The order of commitment, upon confirming the Support Magistrate's findings, committed the father to the Orange County Jail for a term of six months unless he paid the purge amount of $99,346.50.
ORDERED that the order entered March 21, 2018, and the order of commitment also entered March 21, 2018, are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing and determinations.
The parties were married in 1995 and have one child together. The father commenced an action for a divorce and ancillary relief in 2011. A judgment of separation was entered on July 1, 2016, which required the father to pay the mother $6,000 per month in maintenance and $3,934.66 per month in child support.
The mother subsequently filed a petition seeking, in effect, to enforce the child support and maintenance provisions of the judgment of separation, alleging that the father had failed to make any payments as required. A hearing was held before a Support Magistrate, during which both parties appeared pro se. After the hearing, in an order entered March 16, 2018, the Support Magistrate found the father to be in arrears in a certain amount and in willful violation of the child support and maintenance provisions of the judgment of separation, and, as a result, recommended six months' incarceration if the father failed to pay a purge amount, and referred the matter to the Family Court Judge for further proceedings. In an order entered March 21, 2018, the Family Court confirmed the Support Magistrate's findings that the father had willfully failed to obey the support provisions of the judgment of separation and was in arrears for the amount owed pursuant to that judgment. In an order of commitment, also entered March 21, 2018, the Family Court committed the father to the Orange County Jail for a term of six months with the opportunity to purge by [*2]payment of the sum of $99,346.50. The father appeals from both orders, arguing, among other things, that he was deprived of the right to counsel at the fact-finding hearing.
An individual has a constitutional right to counsel in any proceeding in which incarceration is a possibility (see Argersinger v Hamlin, 407 US 25, 37; Matter of Er-Mei Y., 29 AD3d 1013, 1015; Matter of Williams v Williams, 91 AD2d 1044). Family Court Act § 262(a)(vi) provides an express statutory right to counsel for any person in a proceeding "in which an order or other determination is being sought to hold such person . . . in willful violation of a previous order of the court." Family Court Act § 262(a) mandates that when such a person first appears in court, the judge must advise him or her that he or she has the right to be represented by counsel of his or her own choosing, the right to an adjournment to confer with counsel, and the right to have counsel assigned by the court if he or she is financially unable to retain counsel.
Here, when the father first appeared in the Family Court, the Support Magistrate informed him that he had the right to request an adjournment to hire or speak with an attorney, or he could proceed to represent himself. The father elected to proceed representing himself, and no further advisement or inquiry was made by the court. At the next appearance, the Support Magistrate indicated that she would give the father contact information for the Legal Aid Society of Orange County, but she did not advise the father of his right to have counsel assigned by the court if he was financially unable to retain counsel. Several months later, when the parties appeared for the fact-finding hearing, both pro se, the Support Magistrate again advised the father that he had the right to request an adjournment to hire or speak with an attorney, or he could waive that right and represent himself. The father stated that he would represent himself, no further advisement or inquiry was made, and the fact-finding hearing was held, with both parties proceeding pro se.
By representing himself, the father was necessarily forgoing the benefits associated with the right to counsel (see People v Slaughter, 78 NY2d 485, 491). Although a party may waive the right to counsel and opt for self-representation, prior to permitting a party to proceed pro se, the court must conduct a "searching inquiry" to ensure that the party's waiver is knowing, intelligent, and voluntary (id. at 491 [internal quotation marks omitted]; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385; Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373; Matter of Osorio v Osorio, 142 AD3d 1177, 1178). A waiver is valid where the party was aware of the dangers and disadvantages of proceeding without counsel (see People v Providence, 2 NY3d 579, 582; Matter of Ella B., 30 NY2d 352, 357-358; Matter of Osorio v Osorio, 142 AD3d at 1178; Matter of Rosof v Mallory, 88 AD3d 802).
Here, the record demonstrates that the father was not advised of his right to assigned counsel, as required. Further, there is no indication that he validly waived his right to counsel. Under these circumstances, the father was deprived of his right to counsel and reversal is required, without regard to the merits of his position in the enforcement proceeding (see Matter of Osorio v Osorio, 142 AD3d at 1178; Matter of Collier v Norman, 69 AD3d 936, 937; Matter of Broome County Dept. of Social Servs. v Basa, 56 AD3d 1092, 1094; Matter of Jetter v Jetter, 43 AD3d 821, 822; Matter of Samuel v Samuel, 33 AD3d 1010, 1011; Matter of Er-Mei Y., 29 AD3d at 1015-1016; Matter of Williams v Williams, 91 AD2d at 1045).
In light of our determination, we do not reach the father's remaining contentions.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court