Matter of Pitkanen v Huscher (2018 NY Slip Op 08661)





Matter of Pitkanen v Huscher


2018 NY Slip Op 08661


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-09465
 (Docket Nos. V-15515-16, V-18939-16)

[*1]In the Matter of Donna Pitkanen, respondent,
v
Ryan Huscher, appellant. (Proceeding No. 1)
In the Matter of Ryan Huscher, appellant,
v
Donna Pitkanen, respondent. (Proceeding No. 2)


Del Atwell, East Hampton, NY, for appellant.
Brian A. Picarello, Islandia, NY, for respondent.
Glenn Gucciardo, Northport, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated August 25, 2017. The order, after a hearing, granted the mother's petition for custody of the parties' child, denied the father's petition for custody of the child, and awarded the mother sole legal and residential custody of the child, with parental access to the father.
ORDERED that the order is affirmed, without costs or disbursements.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985; Matter of Gooler v Gooler, 107 AD3d 712, 712; Matter of Julie v Wills, 73 AD3d 777, 777). Further, "[a]lthough joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion" (Matter of Timothy M. v Laura A.K., 204 AD2d 325, 325-326 [internal quotation marks and citation omitted]). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v [*2]McPherson, 139 AD3d 953, 953).
Contrary to the father's contentions, the Family Court's parental access schedule does not excessively restrict his access to the child. The determination of access to a noncustodial parent is within the sound discretion of the hearing court, based upon the best interests of the children, and it should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Dennis D. [Justesen], 83 AD3d 700, 702). Here, the Family Court's parental access schedule has a sound and substantial basis in the record and will not be disturbed (see Matter of McDaniel v McDaniel, 140 AD3d 1167).
A respondent in a custody proceeding has the right to be represented by counsel (see Family Ct Act § 262[a][iii]; Matter of Moiseeva v Sichkin, 129 AD3d 974, 975; Matter of Belmonte v Batista, 102 AD3d 682, 682), but may waive that right, provided that he or she does so knowingly, voluntarily, and intelligently (see Matter of Stephen Daniel A. [Sandra M.], 87 AD3d 735, 736). "In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a searching inquiry' to ensure that the waiver is knowing, voluntary, and intelligent" (Matter of Osorio v Osorio, 142 AD3d 1177, 1178, quoting Matter of Jung [State Commn. on Jud. Conduct], 11 NY3d 365, 373; see Matter of Rosof v Mallory, 88 AD3d 802, 802; Matter of Spencer v Spencer, 77 AD3d 761, 761; Matter of McGregor v Bacchus, 54 AD3d 678, 679). "While there is no rigid formula to be followed in such an inquiry, and the approach is flexible, the record must demonstrate that the party was aware of the dangers and disadvantages of proceeding without counsel" (Matter of McGregor v Bacchus, 54 AD3d at 679 [internal quotation marks and citation omitted]; see Matter of Pugh v Pugh, 125 AD3d 663, 664).
Here, the Family Court conducted a sufficiently searching inquiry to ensure that the father's clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made (see Matter of Graham v Rawley, 140 AD3d 765, 767). The court advised the father of the dangers and disadvantages of giving up the fundamental right to counsel, and the father acknowledged his understanding of those perils and repeated his desire to proceed pro se (see Matter of Ryan v Alexander, 133 AD3d 605, 606). Accordingly, we agree with the court's determination to allow the father to represent himself. Contrary to the father's further contention, the court did not improvidently exercise its discretion in failing to provide stand-by counsel which the father never requested (see People v Pettus, 22 AD3d 869, 870; People v Howell, 207 AD2d 412, 413).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court