Matter of Susan K. (Hamilton) (2023 NY Slip Op 06369)

Matter of Susan K. (Hamilton)

2023 NY Slip Op 06369

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-02609
 (Index No. 35294/22)

[*1]In the Matter of Susan K. (Anonymous), appellant. Robin M. Hamilton, etc., respondent.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Laura Rothschild, Dennis B. Feld, and Ana Vuk-Pavlovic of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Barbara D. Underwood and Ester Murdukhayeva of counsel), for respondent.

DECISION & ORDER
In a proceeding for permission to administer a course of medication to a patient without her consent, Susan K. appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated December 19, 2022. The order, after a hearing, granted the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a new hearing and a new determination of the petition thereafter, in accordance herewith.
On or around December 14, 2022, the petitioner commenced this proceeding for permission to administer electro-convulsive therapy and various proposed psychotropic drugs to Susan K., a patient at a psychiatric facility, without her consent. Following a hearing, at which the Supreme Court permitted Susan K. to proceed pro se, the court issued an order authorizing the petitioner to administer the proposed course of treatment over Susan K.'s objection. Susan K. appeals.
A respondent in a proceeding to administer a course of medical treatment over objection may waive her or his right to counsel and proceed pro se provided that she or he makes a knowing, voluntary, and intelligent waiver of that right (see People v Arroyo, 98 NY2d 101, 103; Matter of Marvin P., 52 AD3d 722). "In determining whether a waiver meets this requirement, the court should undertake a 'searching inquiry'" (People v Arroyo, 98 NY2d at 103, quoting People v Slaughter, 78 NY2d 485, 491 [internal quotation marks omitted]; see Matter of Kathleen K. [Steven K.], 17 NY3d 380, 385). While there is no rigid formula to be followed in such an inquiry, the court's exploration of the issue "'must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication'" (People v Arroyo, 98 NY2d at 104, quoting People v Smith, 92 NY2d 516, 520; see Matter of Alivia F. [John F.], 167 AD3d 880, 881).
Here, the Supreme Court did not discuss with Susan K. the dangers and disadvantages of proceeding pro se, did not apprise Susan K. "of the 'importance of the lawyer in the adversarial system of adjudication,'" and did not elicit an acknowledgment that Susan K. understood the perils [*2]of self-representation (People v Arroyo, 98 NY2d at 104, quoting People v Smith, 92 NY2d at 520; see Matter of Alivia F. [John F.], 167 AD3d at 882; Matter of McGregor v Bacchus, 54 AD3d 678, 679). Because the court failed to conduct a sufficiently searching inquiry of Susan K. to ensure that her waiver of the right to counsel was made knowingly, intelligently, and voluntarily, we must reverse the order and remit the matter to the Supreme Court, Rockland County, for a new hearing and a new determination after proper advisements and inquiry into Susan K.'s understanding of the consequences of self-representation.
The parties' remaining contentions need not be addressed in light of our determination.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court