Matter of Mendez-Emmanuel v Emmanuel (2024 NY Slip Op 01180)

Matter of Mendez-Emmanuel v Emmanuel

2024 NY Slip Op 01180

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-08805
2022-08941
 (Docket No. O-3888-21)

[*1]In the Matter of Melissa A. Mendez-Emmanuel, respondent, 
v
Patrick O. Emmanuel, appellant.

Kevin T. Conway, New City, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Patrick O. Emmanuel appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated September 13, 2022, and (2) an order of protection of the same court, also dated September 13, 2022. The order of fact-finding and disposition, after a hearing, found that Patrick O. Emmanuel committed the family offenses of harassment in the first degree, harassment in the second degree, menacing in the second degree, stalking in the third degree, and stalking in the fourth degree, and directed the issuance of an order of protection. The order of protection, inter alia, directed Patrick O. Emmanuel to refrain from harassing and stalking the petitioner until and including September 13, 2024.
ORDERED that the order of fact-finding and disposition and the order of protection are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith; pending the new determination, the order of protection shall remain in effect as a temporary order of protection.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, Patrick O. Emmanuel. After a hearing, the Family Court found that the appellant had committed the family offenses of harassment in the first and second degrees, menacing in the second degree, and stalking in the third and fourth degrees, based upon, inter alia, the testimony of the petitioner. The court issued an order of protection directing the appellant, among other things, to refrain from harassing and stalking the petitioner until and including September 13, 2024.
A party in a Family Court Act article 8 proceeding has the right to be represented by counsel (see Family Ct Act § 262[a][ii]; Matter of McGregor v Bacchus, 54 AD3d 678). That party, however, may waive the right to counsel, provided that the waiver is knowing, voluntary, and intelligent (see Matter of McGregor v Bacchus, 54 AD3d at 678-679). To ensure a valid waiver, the court must conduct a "searching inquiry" of that party (People v Slaughter, 78 NY2d 485, 491 [internal quotation marks omitted]; see Matter of McGregor v Bacchus, 54 AD3d at 679). While there is no rigid formula to be followed in such an inquiry, and the approach is a flexible one (see People v Providence, 2 NY3d 579, 583), the record must demonstrate that the party "'was aware of the dangers and disadvantages of proceeding without counsel'" (id. at 582, quoting People v Slaughter, 78 NY2d at 492; see Matter of McGregor v Bacchus, 54 AD3d at 679).
Here, the record is inadequate to demonstrate that the appellant validly waived his right to counsel (see Matter of Spencer v Spencer, 77 AD3d 761, 762). The deprivation of a party's right to counsel guaranteed by Family Court Act § 262 requires reversal without regard to the merits of the unrepresented party's position (see Matter of Osorio v Osorio, 142 AD3d 1177, 1178). Accordingly, we reverse the order of fact-finding and disposition and the order of protection, and we remit the matter to the Family Court, Orange County, for a new hearing, at which the appellant shall either appear with counsel or knowingly, voluntarily, and intelligently waive the right to counsel on the record, and thereafter, a new determination on the petition.
The appellant's remaining contentions need not be addressed in light of our determination.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court