◼ In the Matter of the FORECLOSURE OF TAX LIENS BY THE CITY OF ITHACA. CITY OF ITHACA, Respondent; BARBARA E. BAROL, Appellant. [724 NYS2d 211] —Peters, J. Appeal from a judgment and order of the Supreme Court (Relihan, Jr., J.), entered June 12, 2000 in Tompkins County, which, in a proceeding pursuant to RPTL article 11, *inter alia*, granted petitioner's motion to dismiss the answer.

Before addressing the issues raised on appeal from Supreme Court's dismissal of the answer interposed by respondent, *pro se*, in this foreclosure proceeding, we review the history of this litigation. In December 1991, the Tompkins County Department of Social Services sought the appointment of a conservator of respondent's property to avoid the forfeiture of her residence due to the nonpayment of her real property taxes since 1989. It also sought an order enjoining Tompkins County, petitioner and respondent from selling her residence or forcing the collection of such outstanding taxes during the pendency of the proceeding. After the filing of such petition, the court appointed L. Richard Stumbar as guardian ad litem for respondent and, by order dated October 28, 1992, issued a temporary injunction. With several adjournments following, negotiations proceeded between Stumbar and petitioner to resolve the issue

of respondent's outstanding taxes. When negotiations proved unsuccessful and the matter lay fallow for a lengthy period, the court ceded to petitioner's request by issuing an order, dated September 18, 1995, which withdrew the petition, thereby nullifying the restraint against foreclosure.

In November 1995, petitioner commenced a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian due to its belief that respondent's incapacitation interfered "with her ability to understand that her failure to pay her property taxes will ultimately result in the waste of her major asset, her residen[ce]." Upon consent, Supreme Court entered an order that provided for the appointment of attorney Elizabeth Bixler as temporary special guardian unless all outstanding real property taxes were paid in full by July 1, 1996. Respondent's attorney again unsuccessfully attempted to negotiate a settlement with petitioner; Bixler never filed her bond or entered into her duties and petitioner was unable to locate another attorney willing to serve as guardian. Despite petitioner's request that the court appoint a new guardian, it vacated the order, including the injunction, reasoning that petitioner could proceed with foreclosure which would force the appointment of a guardian ad litem upon the allegation of incompetence. Alternatively, the court reasoned that Adult Protective Services of Tompkins County could commence a new proceeding with the goal of having a member of respondent's family serve as guardian.

No further action was taken until petitioner filed the instant petition pursuant to RPTL article 11 to foreclose upon respondent's real property for the nonpayment of real property taxes from 1989 through the first installment period of 1998. Petitioner moved to dismiss respondent's *pro se* answer, fleetingly notifying Supreme Court of the 1995 order appointing a temporary special guardian for her and its vacatur in December 1996; no other details concerning the issue of respondent's competency were raised. Despite the assertion by respondent's counsel that the action was premature due to the known issue regarding respondent's competency, Supreme Court granted petitioner's motion.*

On appeal, counsel for respondent contends that Supreme Court was obligated, at a minimum, to conduct a hearing to determine whether it would be appropriate to appoint a guardian ad litem for respondent before proceeding with a tax foreclosure. Petitioner disagrees, contending that respondent no

---

* Thereafter, this Court upheld an ex parte stay and preliminary injunction which prevented the sale of respondent's property.

longer had the option of paying her delinquency without the sale of her residence and thus there was no interest to protect on respondent's behalf.

It is undisputed that respondent's real property taxes are delinquent. Nonetheless, the preeminent question is whether Supreme Court's order must be set aside for its failure to have first addressed the issue of respondent's competence to adequately defend her rights in this proceeding. Viewing the affidavit in opposition to the motion to dismiss, which includes an extensive recitation of the history regarding the issue of respondent's competency along with full acknowledgments by petitioner that it was on notice that respondent, as a property owner, may well be incapable of protecting her homestead, we find that petitioner should have been more diligent in bringing this matter to the court's attention (*see, New York Life Ins. Co. v V.K.*, 184 Misc 2d 727, 737). Further, once the issue was raised, the court "ha[d] the duty to protect a party incapable of protecting her own interests, particularly when her home is in controversy" (*id.*, at 732; *see,* CPLR 1201; *Sengstack v Sengstack*, 4 NY2d 502, 509). With no inquiry having been conducted by the court prior to adjudicating the motion to dismiss, remittal is appropriate (*see, Matter of Manufacturers Hanover Trust Co.*, 73 AD2d 539; *see also, Vinokur v Balzaretti*, 62 AD2d 990).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.