In the Matter of PHILIP R. and Others, Children Alleged to be Neglected. PUTNAM COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICE R., Appellant. [740 NYS2d 421] —In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she is presently and for the foreseeable future unable by reason of mental illness to provide proper and adequate care for the subject children, and on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Putnam County (Miller, J.), entered September 25, 2000, which, after a fact-finding hearing, found that she is unable to provide for the children by reason of mental illness and determined that she permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner for purposes of adoption.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner established by clear and convincing evidence that she is presently and for the foreseeable future unable to provide proper and adequate care for her children by reason of mental illness (see Social Services Law § 384-b [4] [c]; [6] [a]; Matter of Laura D., 270 AD2d 260; Matter of Juliana V., 249 AD2d 314). Both a psychiatrist and a psychologist testified that, based upon their examinations of the mother and their review of her psychiatric history, the mother suffered from paranoid schizophrenia. Moreover, the mother's disorder is long-standing, and she refuses to accept psychiatric treatment or take medication. The experts testified that her judgment and ability to care for her children are impaired by her illness and that her condition is unlikely to improve because she refuses treatment. Thus, the children, if returned to her, would be at risk of being neglected presently and in the foreseeable future (see Matter of Pariis L., 286 AD2d 501).

The petitioner also established by clear and convincing evidence that the mother had failed for a period of more than one year following the date the children came into its care to substantially and continuously plan for the future of her children, notwithstanding the petitioner's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [4] [d]; [7] [a]; Matter of Joseph ZZ., 245 AD2d 881, 883).

The Family Court providently exercised its discretion in declining to appoint a guardian ad litem for the mother. The testimony at the initial hearing and the reopened hearing on the issue of whether a guardian should be appointed demonstrated that, despite her mental illness, the mother was capable of understanding the proceedings, defending her rights, and assisting counsel (*see* CPLR 1201).

The mother's remaining contention is without merit. Santucci, J.P., Altman, Townes and Crane, JJ., concur.