■ In the Matter of Justice T. and Another, Infants. Erie County Department of Social Services, Respondent; Felisa T., Appellant. [796 NYS2d 479]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 29, 2003 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent mother, Social Services Law § 384-b was not unconstitutionally applied in this case. The record establishes that the termination of the parental rights of respondent was not based on her status as a mentally ill person but, rather, was based on testimony establishing that she was unable by reason of her illness to care for her children, both presently and in the foreseeable future. Contrary to respondent's further contention, Family Court based its decision on those portions of the testimony of the court-appointed psychologist and respondent's treating psychiatrist in which the two experts agreed. Although the experts disagreed on many other issues, both agreed "that a major psychotic episode would occur in the event that the Respondent stops taking her medication." Based on that expert testimony, as well as the fact that respondent was previously convicted of manslaughter in the first degree for her role in the death of her other child, we conclude that the court properly terminated her parental rights.

Finally, we conclude that the court did not err in failing to appoint a guardian ad litem for respondent. According to the record before us, there was no dispute that "[respondent] was capable of understanding the proceedings, defending her rights, and assisting counsel" (*Matter of Philip R.*, 293 AD2d 547, 548 [2002]; *see Matter of Casey J.*, 251 AD2d 1002 [1998]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.