■ In the Matter of BARBARA ANNE B. NEW ALTERNATIVES FOR CHILDREN, INC., Respondent; LORI LYNN F., Also Known as LORI B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JUSTIN ANTHONY B. NEW ALTERNATIVES FOR CHILDREN, INC., Respondent; LORI LYNN F., Also Known as LORI B.,

Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of BRYCEN SHAWN B., IV. NEW ALTERNATIVES FOR CHILDREN, INC., Respondent; LORI LYNN F., Also Known as LORI B., Appellant, et al., Respondent. (Proceeding No. 3.) [859 NYS2d 248]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground, inter alia, of mental retardation, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.), all dated May 25, 2007 (one as to each child), as, after a fact-finding hearing, terminated her parental rights on the ground of mental retardation and transferred custody of the subject children to New Alternatives For Children, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not err in failing to, sua sponte, appoint a guardian ad litem for her. The record demonstrates that, despite her mental retardation, the mother was capable of understanding the proceedings, defending her rights, and assisting counsel (see CPLR 1201; *Matter of Shawndalaya II.*, 31 AD3d 823, 824-825 [2006]; *Matter of Justice T.*, 19 AD3d 1079, 1080 [2005]; *Matter of Philip R.*, 293 AD2d 547, 548 [2002]; *Matter of Casey J.*, 251 AD2d 1002 [1998]; *cf. Anonymous v Anonymous*, 256 AD2d 90, 91 [1998]). Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.