*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    519683
                                                      519684
_____

In the Matter of MARIE ZZ.,
    Alleged to be a Permanently
    Neglected Child.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

JEANNE A.,
                        Appellant.

(Proceeding No. 1.)
_____       MEMORANDUM AND ORDER

In the Matter of MARIE ZZ.,
    Alleged to be the Child
    of a Mentally Ill Parent.

ULSTER COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

JEANNE A.,
                        Appellant.

(Proceeding No. 2.)
_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____

        Kathryn S. Dell, Troy, for appellant.

        Daniel Gartenstein, Ulster County Department of Social
Services, Kingston, for respondent.

Theodore J. Stein, Woodstock, attorney for the child.

_____

Aarons, J.

Appeals from two orders of the Family Court of Ulster County (McGinty, J.), entered August 18, 2014, which, among other things, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate Marie ZZ. to be a permanently neglected child and the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of a daughter (born in 2011). Shortly after the child's birth, she was removed from the care of both of her parents, and, in June 2012, Family Court adjudicated the child to be neglected. In February 2013, petitioner commenced the first of these proceedings against respondent seeking a finding of permanent neglect and a termination of her parental rights. Petitioner thereafter commenced the second of these proceedings seeking to terminate respondent's parental rights on the basis of mental illness. After a joint fact-finding hearing, in two separate orders, Family Court granted the petitions, terminated respondent's parental rights and transferred custody and guardianship of the child to petitioner. Respondent appeals. We affirm.

Respondent's sole contention on appeal is that Family Court erred by not appointing a guardian ad litem for her. Initially, we note that at no point during the underlying proceedings did respondent or her attorney request the appointment of a guardian ad litem (see Matter of Shawndalaya II., 31 AD3d 823, 825 [2006], lv denied 7 NY3d 714 [2006]). In any event, despite respondent's mental illness, the record does not indicate that respondent was incapable of understanding the proceedings, defending her rights or assisting her counsel (see Matter of Philip R., 293 AD2d 547, 548 [2002]). In fact, respondent gave coherent testimony in response to the petitions' allegations, she understood the severity of her mental illness and the importance of taking

medication, and she defended her interactions with the child during supervised visits.  As such, viewing the record as a whole, we cannot conclude that Family Court erred in failing to sua sponte appoint a guardian ad litem for respondent (see Matter of Stephen UU. [Stephen VV.], 81 AD3d 1127, 1128 [2011], lv denied 17 NY3d 702 [2011]; Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1081 [2011]; Matter of Barbara Anne B., 51 AD3d 1018, 1019 [2008]).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court