■ In the Matter of GLORIA RIORDAN, Respondent, v STEVEN RIORDAN, Appellant. [54 NYS3d 315]—

Appeal by Steven Riordan from an order of protection of the Family Court, Queens County (John M. Hunt, J.), dated June 15, 2016. The order of protection, after a hearing, directed him, inter alia, to stay away from the petitioner until June 14, 2018.

Ordered that the order of protection is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing and determination on the petition with all convenient speed, in accordance herewith; pending the new determination, the order of protection shall remain in effect as a temporary order of protection.

A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (*see* Family Ct Act § 262 [a] [ii]; *Matter of Osorio v Osorio*, 142 AD3d 1177, 1178 [2016]), but may waive that right provided that he or she does so knowingly, voluntarily, and intelligently (*see Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2007]; *Matter of Otto v Otto*, 26 AD3d 498, 500 [2006]). "In order to determine whether a party is validly waiving the statutory right to counsel, the Family Court must conduct a searching inquiry to ensure that the waiver is knowing, voluntary, and intelligent" (*Matter of Osorio v Osorio*, 142 AD3d at 1178 [internal quotation marks omitted]; *see Matter of Spencer v Spencer*, 77 AD3d 761, 761 [2010]). The waiver is valid where the record reflects that the party was aware of the dangers and disadvantages of self-representation (*see Matter of Rosof v Mallory*, 88 AD3d 802, 803 [2011]; *Matter of Tumminello v Tumminello*, 82 AD3d 992, 993 [2011]; *Matter of McGregor v Bacchus*, 54 AD3d 678, 679 [2008]).

Here, the record does not indicate that the appellant was ad-

vised of, or waived, his right to counsel. Under these circumstances, he was deprived of his statutory right to counsel (*see Matter of Osorio v Osorio*, 142 AD3d at 1178; *Matter of Jetter v Jetter*, 43 AD3d at 822).

Contrary to the appellant's contentions, the Family Court did not err in failing to appoint, sua sponte, a guardian ad litem for him. The record demonstrates that he was capable of understanding the proceedings and defending his rights (*see* CPLR 1201; *Meara v Meara*, 104 AD3d 916, 917 [2013]; *Matter of Barbara Anne B.*, 51 AD3d 1018, 1019 [2008]).

Accordingly, the order of protection must be reversed, and the matter remitted to the Family Court, Queens County, for a new hearing at which the court shall ascertain on the record whether the appellant wishes to appear with counsel, or to knowingly, voluntarily, and intelligently waive his right to counsel, and for a new determination on the petition thereafter (*see Matter of Osorio v Osorio*, 142 AD3d at 1178-1179; *Matter of Otto v Otto*, 26 AD3d at 500). Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.