Matter of Mia V. O. (Dora O.) (2018 NY Slip Op 05170)





Matter of Mia V. O. (Dora O.)


2018 NY Slip Op 05170


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-06047
 (Index No. B-4281-15)

[*1]In the Matter of Mia. O. (Anonymous), also known as Mia H. (Anonymous). New York Foundling Hospital, petitioner-respondent; Dora O. (Anonymous), respondent-appellant.


Anthony DeGuerre, Staten Island, NY, for respondent-appellant.
Daniel Gartenstein, Long Island City, NY, for petitioner-respondent.
Rosa Maria Astuto, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated May 17, 2017. The order, insofar as appealed from, after a dispositional hearing, terminated the mother's parental rights on the ground of permanent neglect and transferred custody and guardianship of the child to the Administration for Children's Services and New York Foundling Hospital for the purpose of adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The child was born in October 2010, and removed from the mother's care in March 2011. In March 2015, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, seeking a finding that the child was permanently neglected and termination of the mother's parental rights so as to free the child for adoption. In the order appealed from, the Family Court terminated the mother's parental rights on the ground of permanent neglect and transferred custody and guardianship of the child to the Administration for Children's Services and the petitioner for the purpose of adoption. The mother appeals.
We agree with the Family Court's determination that there was clear and convincing evidence that the mother permanently neglected the subject child by failing, for one year following the child's placement into foster care, to plan for her return (see Matter of Todd Andre'D. [Kenyetta L.], 88 AD3d 876; Matter of Kendra D. [Amanda D.], 81 AD3d 644; Matter of Wesley F., 190 AD2d 576). The record established that the petitioner made diligent efforts to help the mother comply with her service plan. At the time the petition was filed, the mother still had not found suitable housing or planned for the return of the child. The court properly determined that termination of the mother's parental rights was in the child's best interests (see Matter of Todd Andre'D. [Kenyetta L.], 88 AD3d 876; Matter of Kendra D. [Amanda D.], 81 AD3d 644; Matter of Shawna DD., 289 AD2d 892, 894).
Contrary to the mother's contention, the Family Court did not err in failing to appoint a guardian ad litem for her. The record demonstrates that the mother was capable of understanding the proceedings, defending her rights, and assisting counsel (see CPLR 1201; Matter of Barbara Anne B., 51 AD3d 1018, 1019).
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court