Matter of Jesten J.F. (Ruth P.S.) (2018 NY Slip Op 08812)





Matter of Jesten J.F. (Ruth P.S.)


2018 NY Slip Op 08812


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1242 CAF 17-00202

[*1]IN THE MATTER OF JESTEN J.F., ALSO KNOWN AS JESTEN S. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; RUTH P.S., RESPONDENT-APPELLANT.






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
TANYA CONLEY, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered December 20, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order that terminated her parental rights with respect to her son on the ground of permanent neglect (see Social Services Law
§ 384-b [4] [d]). The mother's sole contention on appeal is that Family Court erred in failing to appoint a guardian ad litem for her when it became apparent that she was incapable of assisting in her defense (see CPLR 1201). We agree and conclude that reversal is required.
It is well settled that courts cannot "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such. There is a duty on the courts to protect such litigants" (Sengstack v Sengstack, 4 NY2d 502, 509 [1958]). Indeed, "[t]he public policy of this State . . . is one of rigorous protection of the rights of the mentally infirm" (Vinokur v Balzaretti, 62 AD2d 990, 990 [2d Dept 1978]). Thus, " where there is a question of fact . . . whether a guardian ad litem should be appointed, a hearing must be conducted' " (Resmae Mtge. Corp. v Jenkins, 115 AD3d 926, 927 [2d Dept 2014] [emphasis added]; see Matter of Mary H. [Sanders-Spencer], 126 AD3d 794, 795 [2d Dept 2015]), and the failure to make such an inquiry once a meritorious question of a litigant's competence has been raised requires remittal (see Matter of Foreclosure of Tax Liens by the City of Ithaca, 283 AD2d 703, 705 [3d Dept 2001]).
Contrary to the contention of petitioner and the Attorney for the Child (AFC), we conclude that a meritorious question of the mother's competence was raised. It is of no moment that the mother's attorney did not move for the appointment of a guardian ad litem inasmuch as the court may make such an appointment on its own initiative (see CPLR 1202 [a]; Brewster v John Hancock Mut. Life Ins. Co., 280 AD2d 300, 300 [1st Dept 2001]; Rakiecki v Ferenc, 21 AD2d 741, 741 [4th Dept 1964]). In any event, although the mother's attorney did not specifically request the appointment of a guardian ad litem, she informed the court that the mother was unable to assist in her own defense when she moved to strike the mother's incoherent testimony. Notably, the court granted that motion, which was not opposed by petitioner or the AFC. In our view, that was sufficient to alert the court to the issue of the mother's competence.
We further conclude that the issue was meritorious inasmuch as the record demonstrates [*2]significant questions concerning the mother's ability to understand the nature of the proceedings, defend her rights and assist in her own defense (cf. Matter of Marie ZZ. [Jeanne A.], 140 AD3d 1216, 1217 [3d Dept 2016]; Matter of Justice T., 19 AD3d 1079, 1080 [4th Dept 2005], lv denied 5 NY3d 707 [2005]; Matter of Casey J., 251 AD2d 1002, 1002 [4th Dept 1998]). There is no dispute that the mother, who had been diagnosed with, inter alia, schizophrenia, had been in and out of psychiatric hospitals throughout her life. Indeed, at the time of the subject child's birth, which was two years before this termination proceeding, the mother had been committed to a psychiatric unit after being found incompetent to stand trial in a criminal court. During the course of the hearing in this proceeding, the mother was involuntarily committed to a psychiatric unit, and the matter had to be adjourned until her release. Additionally, during the mother's brief testimony upon resumption of the hearing, the court and the AFC had to interrupt her repeatedly inasmuch as her answers to questions were nonresponsive and, at times, completely nonsensical.
Given "the magnitude of the rights at stake [in a termination proceeding], as well as the allegations of mental illness" (Matter of Daniel Aaron D., 49 NY2d 788, 790 [1980]), we conclude that the court erred in failing to hold a hearing on whether a guardian ad litem should have been appointed for the mother. We therefore reverse the order and remit the matter to Family Court for a hearing to determine whether a guardian ad litem should be appointed for the mother and for a new determination on the petition, if warranted.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court