Matter of Turetsky v Murray (2019 NY Slip Op 07925)





Matter of Turetsky v Murray


2019 NY Slip Op 07925


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10212
 (Docket Nos. V-164-17, V-166-17)

[*1]In the Matter of Jonathan. Turetsky, respondent, 
v
Jacqueline C. Murray, appellant.


Alan McGeorge, Nanuet, NY, for appellant.
Miller Zeiderman Wiedekehr LLP, White Plains, NY (Lisa Zeiderman and Matthew B. Marcus of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated July 27, 2018. The order, after a hearing, granted that branch of the father's petition which was to modify a stipulation of custody and parental access dated February 9, 2018, so as to award him sole legal and physical custody of the subject child, with parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2016. On February 9, 2018, they entered into a stipulation of custody and parental access, which provided that they would have equal physical custody and joint legal custody of the child. In June 2018, the father filed a petition, inter alia, to modify the stipulation so as to award him sole legal and physical custody of the child, with supervised parental access to the mother. After a hearing, the Supreme Court granted that branch of the father's petition. The mother appeals.
Contrary to the mother's sole contention on appeal, the Supreme Court did not improvidently exercise its discretion in failing to, sua sponte, appoint a guardian ad litem for her. Although the mother's conduct during the hearing included a number of disruptive, angry outbursts, the record as a whole demonstrated that she was capable of understanding the proceedings, assisting her counsel, and defending her rights (see CPLR 1201; Matter of Riordan v Riordan, 151 AD3d 975, 976; Matter of Marie ZZ. [Jeanne A.], 140 AD3d 1216, 1217).
Accordingly, we affirm the order appealed from.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court