Matter of Detrick v Detrick (2021 NY Slip Op 03731)





Matter of Detrick v Detrick


2021 NY Slip Op 03731


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


521 CAF 20-00814

[*1]IN THE MATTER OF ALICIA M. DETRICK, PETITIONER-RESPONDENT,
v
ROBERT M. DETRICK, RESPONDENT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT. 
KELLY M. FORST, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Livingston County (Jennifer M. Noto, J.), entered February 19, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that respondent shall have supervised visitation with the subject child once per week for no more than one hour. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, effectively granted petitioner mother's petition to modify a prior order of custody and visitation by limiting the father to supervised visitation with the parties' child. Contrary to the father's contention, Family Court did not err in failing to appoint a guardian ad litem for him inasmuch as the record as a whole demonstrates that he was capable of understanding the proceedings, assisting counsel, and defending his rights (see CPLR 1201; Matter of Turetsky v Murray, 177 AD3d 653, 653-654 [2d Dept 2019]; Matter of Marie ZZ. [Jeanne A.], 140 AD3d 1216, 1217 [3d Dept 2016]).
With respect to the merits of the order on appeal, we reject the father's contention that the court erred in reducing the amount of his visitation with the child and in requiring that such visitation be supervised. " 'Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record' " (Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1451 [4th Dept 2011], lv denied 17 NY3d 701 [2011]). Thus, "deferring to 'the court's firsthand assessment of the character and credibility of the parties,' " we conclude that there is a sound and substantial basis in the record to support the determination limiting the father's visitation with the child to supervised visitation once per week for up to one hour (id.; see Matter of Edmonds v Lewis, 175 AD3d 1040, 1042 [4th Dept 2019], lv denied 34 NY3d 909 [2020]).
We have reviewed the father's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court