Matter of Minor v Birkenmeyer (2021 NY Slip Op 07546)





Matter of Minor v Birkenmeyer


2021 NY Slip Op 07546


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
COLLEEN D. DUFFY
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2021-01222
 (Docket No. O-266-21)

[*1]In the Matter of Shannon Minor, appellant,
v
Seth Birkenmeyer, respondent.


Diana Kelly, Jamaica, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated January 13, 2021. The order, without a hearing, dismissed, with prejudice, the proceeding for lack of subject matter jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
In January 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against the respondent, with whom she alleged she had resided in the past. At the initial court appearance, the Family Court advised the petitioner that she had a right to counsel, that "[h]aving an attorney can be helpful" but that having an attorney "is not something that we force people to do." The court advised the petitioner that it could give her time to consult with or hire an attorney or that the petitioner could ask the court to determine if the petitioner would be eligible to have an attorney assigned to represent her at no cost. The court also informed the petitioner that she also had the right to represent herself and inquired if, for purposes of the proceedings that day, she wanted to be represented by counsel. The petitioner responded, "[f]or today's purposes no I don't think so." The court then asked the petitioner several questions about the petitioner's relationship with the respondent. Thereafter, in an order dated January 13, 2021, the Family Court dismissed, with prejudice, the proceeding for lack of subject matter jurisdiction. The petitioner appeals.
A party in a proceeding pursuant to Family Court Act article 8 has the right to be represented by counsel (see Family Ct Act § 262[a][ii]; Matter of Riordan v Riordan, 151 AD3d 975, 975). Although the right to counsel may be waived, the waiver must be knowing, voluntary, and intelligent (see Matter of Riordan v Riordan, 151 AD3d at 975; Matter of Tumminello v Tumminello, 82 AD3d 992, 992-993). In order to ensure that a waiver is made knowingly, voluntarily, and intelligently, the court "must conduct a searching inquiry" (Matter of Riordan v Riordan, 151 AD3d at 975) and the record must reflect, among other things, "that the party was aware of the dangers and disadvantages of self-representation" (id.).
Here, the Family Court failed to conduct a searching inquiry of the petitioner to ensure that her waiver of her right to counsel was knowing, intelligent, and voluntary (see id. at 975-[*2]976; Matter of McGregor v Bacchus, 54 AD3d 678, 679). Thus, the petitioner was deprived of her statutory right to counsel (see Matter of Riordan v Riordan, 151 AD3d at 976; Matter of Osorio v Osorio, 142 AD3d 1177, 1178).
The Family Court also should have conducted a hearing prior to determining that it lacked subject matter jurisdiction on the ground that the parties did not have an intimate relationship within the meaning of Family Court Act § 812(1)(e) (see Matter of Rizzo v Pravato, 170 AD3d 860, 861; Matter of Raigosa v Zafirakopoulos, 167 AD3d 748, 749). Here, the court's determination, after brief questioning of the petitioner, without affording the petitioner the opportunity to testify or proffer any evidence as to whether the relationship she had with the respondent constituted an intimate relationship within the meaning of Family Court Act § 812(1)(e), did not constitute a hearing (see e.g. Matter of Arita v Goodman, 132 AD3d 1108, 1110).
Accordingly, we remit the matter to the Family Court, Kings County, for a hearing to determine whether the Family Court has subject matter jurisdiction pursuant to Family Court Act § 812(1)(e) and for further proceedings thereafter, if warranted. Upon remittitur, the court must conduct an appropriate inquiry as to whether the petitioner wishes to waive her right to counsel.
MILLER, J.P., DUFFY, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court