Matter of Joyce Q. v Clarissa R. (2025 NY Slip Op 01977)

Matter of Joyce Q. v Clarissa R.

2025 NY Slip Op 01977

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

536136 536140
[*1]In the Matter of Joyce Q., Respondent,
v
Clarissa R., Appellant. (Proceeding No. 1.)
In the Matter of Amir S., Alleged to be a Neglected Child. Saratoga County Department of Social Services, Petitioner; Clarissa R., Appellant. (Proceeding No. 2.)

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Raysheea T. Turner Bryant, Albany, for appellant.
Aimee E. Greer, Saratoga County Department of Social Services, Ballston Spa, for petitioner.
Karen R. Crandall, Schenectady, attorney for the child.

Pritzker, J.
Appeals (1) from an order of the Family Court of Saratoga County (Paul Pelagalli, J.), entered September 7, 2022, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the subject child, and (2) from an order of said court, entered September 7, 2022, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondent (hereinafter the mother) is the mother of a child (born in 2017), and petitioner Joyce Q. (hereinafter the grandmother) is the child's maternal grandmother. In January 2022, petitioner Saratoga County Department of Social Services (hereinafter DSS) filed a request for access into the mother's home for observation, inspection and photographs to be taken and a temporary order of protection for the child due to the mother's mental health issues and poor living conditions. Subsequently, the grandmother filed a custody petition. Two days later, DSS filed a neglect petition against the mother. Ultimately, the mother consented to a finding of neglect, without an admission, and the child was adjudicated to be a neglected child by the mother.
A dispositional hearing was then held, at which the grandmother's petition was also addressed. Following the hearing, Family Court issued an order of custody granting the grandmother legal and physical custody, with the mother having "incidents of legal custody" to meaningfully participate in medical appointments and educational events. At the same time, the court issued an order of disposition resolving the neglect petition by way of the order of custody (see Family Ct Act § 1052 [a] [vi]). The mother appeals from both orders.
The mother's sole contention on appeal is that Family Court erred by not appointing a guardian ad litem for her. Initially, we note that, during the pendency of the proceedings, neither the mother nor her attorney requested the appointment of a guardian ad litem (see Matter of Marie ZZ. [Jeanne A.], 140 AD3d 1216, 1217 [3d Dept 2016]; Matter of Shawndalaya II., 31 AD3d 823, 825 [3d Dept 2006], lv denied 7 NY3d 714 [2006]). As to the merits, despite the mother, at times, giving lengthy and incoherent answers, many of her responses were appropriate. She sufficiently demonstrated that she understood the effect of consenting to a finding of neglect, given her responses to Family Court as well her specific inquiry about expunging the finding of neglect. Additionally, at the dispositional hearing, she defended her position by testifying to her mental health treatment, her steps taken to improve her living conditions and why she opposed the grandmother having legal custody of the child. Accordingly, the record demonstrates that the mother understood the proceedings, defended her rights and assisted her counsel (see Matter of Marie ZZ. [Jeanne A.], 140 AD3d at 1217; Matter of Leala T., 55 AD3d 1007, 1008 [3d Dept 2008]; Matter of Shawndalaya [*2]II., 31 AD3d at 825). "As such, viewing the record as a whole, we cannot conclude that Family Court erred in failing to sua sponte appoint a guardian ad litem for [the mother]" (Matter of Marie ZZ. [Jeanne A.], 140 AD3d at 1217 [citations omitted]; see Matter of Leala T., 55 AD3d at 1008).
Egan Jr., J.P., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the orders are affirmed, without costs.