◼ In the Matter of KIMBERLY J.G. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHANTEL J.G.V., Appellant. (Proceeding No. 1.) In the Matter of ANDREW V. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHANTEL J.G.V., Appellant. (Proceeding No. 2.) [998 NYS2d 453]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered October 18, 2012. The order dismissed the mother's petition for modification of two prior orders of disposition of that court so as to restore her parental rights.

Ordered that the order is affirmed, without costs or disbursements.

In two orders of fact-finding and disposition dated April 9, 2008, the Family Court found that the mother had permanently neglected the two subject children, terminated her parental rights, and transferred the guardianship and custody of the subject children to the Westchester County Department of Social Services for the purpose of adoption. In October 2011, the mother filed a petition pursuant to Family Court Act §§ 635, 636 and 637 for modification of those orders so as to restore her parental rights. The Family Court dismissed the petition.

A petition for modification of a dispositional order so as to restore parental rights may only be filed where all the conditions of Family Court Act § 635 have been met. Family Court Act § 635 (d) provides, in relevant part, that the child must remain under the jurisdiction of the Family Court and must not have been adopted. Here, the older child was no longer under the jurisdiction of the Family Court as she was over the age of 21 (*see* Family Ct Act §§ 1055 [e]; 1087 [a]). Additionally, the other child had been adopted. Accordingly, the Family Court properly dismissed the petition (*see Matter of Shelia CC. v Commissioner of Social Servs. of Schenectady County*, 98 AD3d 1200 [2012]). Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.