Matter of Aurora B. (Eric H.) (2023 NY Slip Op 00317)

Matter of Aurora B. (Eric H.)

2023 NY Slip Op 00317

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-08229 
2021-08230
 (Docket Nos. N-2032-20/21A, N-2042-20/21A, N-2043-20/21A)

[*1]In the Matter of Aurora B. (Anonymous). Commissioner of Social Services, respondent; Eric H. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Ophelia B.-H. (Anonymous). Commissioner of Social Services, petitioner-respondent; Eric H. (Anonymous), respondent-appellant; Julie B. (Anonymous), nonparty-appellant. (Proceeding No. 2)

Warren S. Hecht, Forest Hills, NY, for appellant Eric H.
Salvatore C. Adamo, New York, NY, for appellant Julie B.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.
Gary E. Eisenberg, New City, NY, attorney for the children.
In related proceedings pursuant to Family Court Act article 10, the father and the mother separately appeal from (1) an order of fact-finding and disposition of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated August 10, 2021, and (2) an order of fact-finding and disposition of the same court dated August 11, 2021. The order of fact-finding and disposition

DECISION & ORDER
dated August 10, 2021, after a fact-finding and dispositional hearing at which the father failed to appear, found that the father neglected the child Ophelia B.-H. and placed that child in the custody of the Commissioner of Social Services of Rockland County until the completion of the next permanency hearing. The order of fact-finding and disposition dated August 11, 2021, after a fact-finding and dispositional hearing at which the mother and the father failed to appear, found that the mother and the father neglected the child Aurora B. and placed that child in the custody of the Commissioner of Social Services of Rockland County until the completion of the next permanency hearing.
ORDERED that the appeal by the mother from the order of fact-finding and [*2]disposition dated August 10, 2021, is dismissed, without costs or disbursements, as the mother is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the appeal by the father from the order of fact-finding and disposition dated August 10, 2021, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeals from the order of fact-finding and disposition dated August 11, 2021, are dismissed, without costs or disbursements.
In November 2020, the petitioner commenced these related proceedings pursuant to Family Court Act article 10 alleging that the mother neglected the child Aurora B. and that the father neglected the children Aurora B. and Ophelia B.-H. The petitions alleged, inter alia, that the mother failed to provide the child Aurora B., and that the father failed to provide the children Aurora B. and Ophelia B.-H., with proper supervision or guardianship. Following a combined fact-finding and dispositional hearing at which the mother and the father failed to appear, in two orders of fact-finding and disposition dated August 10, 2021, and August 11, 2021, respectively, the Family Court found that the father neglected the child Ophelia B.-H., and that the mother and the father neglected the child Aurora B., and placed the subject children in the custody of the Commissioner of Social Services of Rockland County until the completion of the next permanency hearing. The mother and the father appeal.
The appeal by the father from the order of fact-finding and disposition dated August 10, 2021, and the appeals by the mother and the father from the order of fact-finding and disposition dated August 11, 2021, must be dismissed since the orders were issued upon the mother and the father's failure to appear at the fact-finding and dispositional hearing, and no appeal lies from an order made on the default of the appealing party (see CPLR 5511; Matter of Genao-Archibald v Archibald, 208 AD3d 1185, 1187). Contrary to the parties' contentions, although review may be had on matters which were the subject of contest in the Family Court (see CPLR 5511; Matter of Justyn H. [Laverne H.], 191 AD3d 876, 876; Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 678), the court's failure to adjourn the hearing was not a subject of contest below (see Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477; cf. Matter of Andrew J.U.M. [Jelaine E.M.], 154 AD3d 758). Moreover, any challenge by the father to the dispositional portion of the order of fact-finding and disposition that placed the child Ophelia B.-H. in the custody of the Commissioner of Social Services of Rockland County would be academic, as the dispositional portion of that order expired by its own terms (see Matter of A.H. [Andrew H.], 180 AD3d 902, 903). Accordingly, the appeals must be dismissed.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court