Matter of Divinity H. (Sareen D.) (2023 NY Slip Op 02000)

Matter of Divinity H. (Sareen D.)

2023 NY Slip Op 02000

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04065
2022-04066
 (Docket No. N-1465-21)

[*1]In the Matter of Divinity H. (Anonymous). Administration for Children's Services, respondent; Sareen D. (Anonymous), appellant.

Carol L. Kahn, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Elina Druker of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Diane Costanzo, J.), dated January 18, 2022, and (2) an order of disposition of the same court dated February 1, 2022. The order of fact-finding found that the mother neglected the subject child. The order of disposition, inter alia, continued the placement of the child in the custody of the petitioner until completion of the next permanency hearing.

DECISION & ORDER
By order to show cause dated June 24, 2022, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders dated January 18, 2022, and February 1, 2022, on the ground that no appeal lies from an order entered upon the default of the appealing party. By decision and order on motion of this Court dated September 14, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeals is granted; and it is further,
ORDERED that the appeals are dismissed, without costs or disbursements.
In 2021, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject child. The petition alleged that the mother's bizarre behavior subjected the child to a risk of physical or emotional harm. A fact-finding hearing was held on the petition. During the hearing, on December 6, 2021, the mother and her attorney jointly applied for the appointment of a new attorney for the mother. The Family Court granted the joint application and adjourned the hearing to December 10, 2021. On December 10, [*2]2021, the mother failed to appear for the continued fact-finding hearing. The mother's new attorney informed the court that she had just received the mother's contact information, and the hearing was adjourned to January 18, 2022. On January 18, 2022, the mother again failed to appear. The mother's attorney stated that she had been in contact with the mother by email, but the mother had not authorized the attorney to participate at the continued fact-finding hearing. In an order of fact-finding dated January 18, 2022, the court found that the mother neglected the child based on the credible and uncontroverted testimony of two of the petitioner's witnesses. At a dispositional hearing held on February 1, 2022, the mother again failed to appear, and her attorney did not participate because she had not been in contact with the mother. In an order of disposition dated February 1, 2022, the court, inter alia, continued the child's placement in the custody of the petitioner until completion of the next permanency hearing.
The mother's appeals must be dismissed since the orders were issued upon the mother's failure to appear at the continued fact-finding hearing and the dispositional hearing, and no appeal lies from an order made on the default of the appealing party (see CPLR 5511; Matter of Aurora B. [Eric H.], 212 AD3d 806, 807-808; Matter of Ward v Saporito, 160 AD3d 653, 654; Matter of Devon W. [Lavern D.], 127 AD3d 1098, 1099). Although review may be had on matters which were the subject of contest in the Family Court, the court's failure to, sua sponte, appoint a guardian ad litem for the mother was not a subject of contest in the Family Court (cf. Matter of Aurora B. [Eric H.], 212 AD3d at 808; Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477). In any event, insofar as the record permits review, the mother's conduct during the course of her sporadic appearances in the proceeding indicates that she was capable of understanding the proceedings, defending her rights, and assisting counsel (see CPLR 1201; Matter of Riordan v Riordan, 151 AD3d 975, 976; Meara v Meara, 104 AD3d 916, 917; Matter of Barbara Anne B., 51 AD3d 1018, 1019). Moreover, any challenge to the order of disposition would be academic as that order expired by its own terms (see Matter of Aurora B. [Eric H.], 212 AD3d at 808; Matter of Devon W. [Lavern D.], 127 AD3d at 1098).
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court