Matter of Kimberly J.-G. (Chantel J.-G.) (2024 NY Slip Op 05445)

Matter of Kimberly J.-G. (Chantel J.-G.)

2024 NY Slip Op 05445

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-09580
 (Docket Nos. N-4255-05, N-4256-05, N-5498-05)

[*1]In the Matter of Kimberly J.-G. (Anonymous). Westchester County Department of Social Services, respondent; Chantel J.-G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Natalie J.-G. (Anonymous). Westchester County Department of Social Services, respondent; Chantel J.-G. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Andrew. (Anonymous). Westchester County Department of Social Services, respondent; Chantel J.-G. (Anonymous), appellant. (Proceeding No. 3)

Chantal V. (Anonymous), named herein as Chantel J.-G. (Anonymous), Ossining, NY, appellant pro se.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Joan O. Cooney, J.), dated August 24, 2005. The order of fact-finding and disposition, upon the mother's failure to appear at fact-finding and dispositional hearings, and after fact-finding and dispositional inquests, found that the mother neglected the subject children and placed them in the custody of the Commissioner of Social Services of Westchester County until completion of the next permanency hearing.
ORDERED that appeal is dismissed, without costs or disbursements.
In 2005, the Department of Social Services of Westchester County (hereinafter the petitioner) commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children by failing to provide adequate guardianship. The petitioner alleged that the mother left two of the children in the family home alone without sufficient food, clothing, money, medication, or adult supervision, while she and the youngest child traveled to Chicago, Illinois, where the mother attempted suicide by ingesting sleeping pills. The mother failed to appear at the fact-finding and dispositional hearings on the petitions, which were heard on inquest. In an order of fact-finding and disposition dated August 24, 2005, the Family Court found that the [*2]mother neglected the children and placed them in the petitioner's custody until completion of the next permanency hearing. In a subsequent order dated April 9, 2008, the court determined that the mother permanently neglected the two youngest children, terminated her parental rights, and transferred guardianship of those children to the petitioner for the purpose of adoption (see Matter of Kimberly J.G., 123 AD3d 928). The eldest child had reached the age of 21 and was not the subject of the permanent neglect proceeding. In October 2011, the mother filed a petition pursuant to Family Court Act §§ § 635, 636, and 637 for modification of those orders so as to restore her parental rights. In an order entered October 18, 2012, the court dismissed the mother's petition to restore her parental rights, which order this Court affirmed (see Matter of Kimberly J.G., 123 AD3d 928, 929). The mother appeals from the order dated August 24, 2005.
The mother's appeal must be dismissed, as the order was issued upon the mother's failure to appear at the fact-finding and dispositional hearings, and no appeal lies from an order made on default of the appealing party (see CPLR 5511; Matter of Divinity H., 215 AD3d 838; Matter of Aurora B. [Eric H.], 212 AD3d 806, 807-808; Matter of Ward v Saporito, 160 AD3d 653, 654).
The petitioner's request for certain affirmative relief is not properly before this Court, since the petitioner did not cross-appeal from the order appealed from (see Kruter v United Parcel Service General Services Co., 210 AD3d 671, 673).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court