Matter of Morrissey v Morrissey

2026 NY Slip Op 02984

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michael Morrissey, respondent,

v

Martha Morrissey, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2025-02629, (Docket No. O-8035-24)

Francesca E. Connolly, J.P.

Linda Christopher

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Cheryl Charles-Duval, Brooklyn, NY, for appellant.

[*1]

DECISION & ORDER

In a family offense proceeding pursuant to Family Court Act article 8, Martha Morrissey appeals from an order of fact-finding and disposition of the Family Court, Queens County (Tamra Walker, J.), dated February 10, 2025. The order of fact-finding and disposition, after an inquest, and upon Martha Morrissey's default, inter alia, found that she committed the family offense of harassment in the second degree.

ORDERED that the appeal is dismissed, without costs or disbursements.

In May 2024, the petitioner commenced this proceeding pursuant to Family Court Act article 8 for an order of protection against the appellant. In October 2024, the Family Court, with both parties present, scheduled a fact-finding hearing for February 10, 2025. On February 10, 2025, the appellant failed to appear, and the court conducted an inquest, at which the appellant's attorney declined to participate. The appellant's attorney informed the court that the appellant was on her way, and the attorney did not request an adjournment or object to the inquest. In an order of fact-finding and disposition dated February 10, 2025, the court, inter alia, found that the appellant had committed the family offense of harassment in the second degree. This appeal ensued.

No appeal lies from an order made upon the default of the appealing party (see CPLR 5511). Since the order of fact-finding and disposition was entered upon the appellant's default, review is limited to matters which were the subject of contest before the Family Court (see Matter of Kaileigh-Kouture A.M. [Jessica-Maria M.], 240 AD3d 694, 695). Contrary to the appellant's contention, the court's failure to adjourn the fact-finding hearing was not a subject of contest before the court (see Matter of Aurora B. [Eric H.], 212 AD3d 806, 808). Accordingly, the appeal must be dismissed.

CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court